**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SYLVIA ZANA KATZENMAIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 14-CV-3216-P |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

### ORDER

On September 8, 2015, the assigned Magistrate Judge recommended that the Court issue rulings on pending motions for summary judgment (docs. 13 and 15) and affirm the Commissioner's decision. (*See* Findings, Conclusions, and Recommendation ("FCR"), doc. 17.) Plaintiff timely objected to the recommendation. (*See* Pl.'s Obj'ns to Report and Recommendation [hereinafter "Obj'ns"], doc. 18.) She objects that the Magistrate Judge erred in the following respects: (1) stating that the Administrative Law Judge ("ALJ") interpreted the medical expert's testimony when the ALJ actually misstated the testimony and (2) improperly resolving that conflict when law requires remand. (*Id.* at 2-6.) She urges the Court to reverse the decision of the Commissioner and remand her case for further proceedings. (*Id.* at 6.)

For the reasons that follow, the Court accepts the FCR, as modified herein, after reviewing all relevant matters of record, including the FCR and the filed objections, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3). Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (doc. 13), **GRANTS** Defendant's Motion for Summary Judgment (doc. 15), and **AFFIRMS** the decision of the Commissioner.

## I.  AUTHORITY OF MAGISTRATE JUDGE AND STANDARD OF REVIEW

Section 636(b)(1)(B) of Title 28 of the United States Code grants magistrate judges authority to issue findings and recommendations regarding dispositive motions in cases referred to them.  The statute provides for the filing of written objections to proposed findings and recommendations and for a de novo determination of matters "to which objection is made."  Objections asserted in accordance with this provision serve "to narrow the dispute" and enable district judges "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Thomas v. Arn*, 474 U.S. 140, 147 & n.6 (1985).

Rule 72(b)(3) of the Federal Rules of Civil Procedure likewise provides for a de novo determination of "any part of the magistrate judge's disposition that has been properly objected to."  Rule 72(b)(2) requires the objecting party to file "specific written objections" and grants other parties fourteen days to respond to such objections.

Consistent with § 636(b)(1) and Rule 72(b)(3), the Court reviews the findings and recommendation of the Magistrate Judge in this case.  It "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).

## II.  OBJECTIONS

Plaintiff objects that the Magistrate Judge did not recognize that the ALJ misstated the opinion of the medical expert ("ME") when the Magistrate Judge states that the ALJ interpreted that expert's testimony.  (Obj'ns at 2-3.)  She further objects that the Magistrate Judge erred when she did not remand the case to resolve that conflict.  (*Id.* at 3-6.)  Part of this latter objection includes objecting to the Magistrate Judge's use of the dictionary to resolve the conflict.  (*Id.* at 4.)

Given these objections, the Court has conducted a de novo review of those issues. As the Magistrate Judge points out, the ME provided specific testimony about claimant's limitations, including stating that the claimant would need "to periodically alternate sitting and standing for comfort." (FCR at 3.) The Magistrate Judge further accurately points out that, relying upon that testimony, the vocational expert ("VE") testified that an individual with the limitations identified by the ME could perform Plaintiff's prior work. (*Id.*). As Plaintiff states in her objections, the ALJ misstates the ME's testimony in his recitation of the medical evidence. (*See* Obj'ns at 2.) However, despite that misstatement, the ALJ determines that Plaintiff has the residual functional capacity ("RFC") to perform light work "except she needs periodic alternating between standing/sitting every 2 hours." (R. at 24.)

The RFC determination of the ALJ precisely aligns with the ME's testimony except that the ALJ added "every 2 hours" to the sit/stand option and does not state that Plaintiff needs that option "for comfort." These differences are not fatal to the ALJ's decision. With respect to the every-2-hour addition to the RFC determination, the ALJ merely included an unnecessary gloss to the ME's testimony. And the phrase "for comfort" does not change the RFC determination or make a material difference to the ME's testimony. It merely identifies a reason for the limitation. The phrase does not equate to a need to alternate between sitting and standing at will as Plaintiff argues. And the transcript of the administrative hearing shows that neither the ALJ nor the VE views the phrase as synonymous with alternating at will.

The ALJ relied on the testimony of the VE to support his finding that Plaintiff was capable of performing her past relevant work in accounts receivable. (R. at 26-27.) Based upon the actual testimony of the ME, the VE testified that a hypothetical individual with the limitations recognized

3

by the ME would be able to perform Plaintiff's past relevant work. (R. at 60.) The testimony of the VE indicates that he understood that periodic alternating between sitting and standing differed from alternating between those positions at will. (*See* R. at 60-68.) The testimony of the VE is substantial evidence to support the finding that Plaintiff is capable of performing her past relevant work and is therefore not disabled. *See Sinayi v. Astrue*, No. 3:11-CV-2770-D, 2012 WL 3234414, at *5 (N.D. Tex. Aug. 9, 2012). Misstating the ME's testimony in the written decision does not alter the fact that the VE testified that an individual with the actual limitations recognized by the ME would be able to perform the past relevant work of Plaintiff. The misstatement of the ME's testimony, the unnecessary addition of "every 2 hours" to the sit/stand option, and the omission of "for comfort" from the RFC determination are harmless errors at most.

      Given this analysis there is no need to resort to the dictionary to determine the meaning of "periodically," as used by the ME. The Magistrate Judge correctly determines that the ALJ's decision is supported by substantial evidence. As modified herein, the Court accepts the FCR. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (doc. 13), **GRANTS** Defendant's Motion for Summary Judgment (doc. 15), and **AFFIRMS** the decision of the Commissioner.

      **SO ORDERED this 30th day of September, 2015.**

                                                 **JORGE A. SOLIS**
                                                 **UNITED STATES DISTRICT JUDGE**